# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON, | CASE NO. 1:09-cv-00061-DLB PC |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| KEN CLARK, et al., | (Doc. 1) |
| Defendants. | |

**I.      Screening Order**

Plaintiff Eric Wilton Burton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 12, 2009. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening.

**A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Corcoran State Prison in Corcoran, California. Plaintiff was formerly imprisoned at California Substance Abuse Treatment Facility ("CSATF") where the acts he complains of occurred. Plaintiff names as defendants Warden Ken Clark; S. Sherman, A.W. Business, who reviewed Plaintiff's 602 grievance; and John Doe, housing officer who reviewed Plaintiff's grievance at the second level of review.

Plaintiff alleges the following. Plaintiff practices the Hebrew faith. Two years prior, Plaintiff had been a participant in the kosher diet plan provided at CSATF. After a determination by Rabbi Jared Sharon around October 2008, Plaintiff was removed from the kosher diet plan. Based on Plaintiff's filings, Plaintiff was placed on a Religious Vegetarian diet instead, which consisted primarily of beans as the protein. Plaintiff also alleges that he is legally blind due to his alleged custody level was prevented from attending services. Plaintiff alleges that Defendant Ken Clark is liable for creating a policy that allows or encourages a violation of Plaintiff's First Amendment rights. Plaintiff alleges that Defendants S. Sherman and John Doe are liable because they reviewed Plaintiff's 602 appeal.

1   Plaintiff contends violations of the Free Exercise Clause of the First Amendment, the
Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Due Process and Equal
Protection of the Fourteenth Amendment, Americans with Disabilities Act, and false advertising.
   Plaintiff seeks monetary damages and injunctive relief. (Id., p. 3.)

### C. Plaintiff's Claims

#### 1. *Due Process*

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); see County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff's allegations regarding due process are more explicitly covered by the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. Those amendments, and not the Due Process Clause, governs Plaintiff's claims here.

#### 2. *Free Exercise Clause of the First Amendment*

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff alleges that he is religiously sincere in his practice of his faith. Plaintiff's allegations however do not sufficiently demonstrate that prison officials substantially burdened

the practice of his religion. It is unclear from Plaintiff's allegations how the religious vegetarian diet substantially burdens Plaintiff's religious practices. The Ninth Circuit had previously ruled that a strict kosher diet is not necessarily mandatory for incarcerated Jewish individuals. See Ward v. Walsh, 1 F.3d 873, 877-79 (9th Cir. 1993) (reasoning that a prison may provide a pork-free diet instead of a fully kosher diet to an Orthodox Jewish inmate in order to provide a simplified food service).

It is also unclear from Plaintiff's allegations how defendants S. Sherman and John Doe, by allegedly reviewing Plaintiff's 602 grievances, violated any of Plaintiff's federal rights. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff makes no allegations as to what these defendants did that violated Plaintiff's federal rights other than review Plaintiff's grievance.

### 3. *Religious Land Use and Institutionalized Persons Act*

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff's allegations fail to state a cognizable claim under RLUIPA. Plaintiff has not sufficiently alleged that Plaintiff's religious practice was substantially burdened by the change to

4

Plaintiff's diet.  Plaintiff also fails to allege how Defendants S. Sherman and John Doe acted to deprive Plaintiff of his federally protected rights solely through their alleged review of Plaintiff's grievance.

### 4. *Equal Protection*

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).  To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds* by Shakur, 514 F.3d at 884-85.

Plaintiff's allegations fail to state a cognizable Equal Protection claim.  Plaintiff fails to allege any intentional discrimination on the basis of his religion by Defendants Ken Clark, S. Sherman, or John Doe.

### 5. *Americans With Disabilities Act*

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey,

118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. Plaintiff alleges that because of his custody level he was prevented from attending religious services. It is unclear how Plaintiff's custody level and legal blindness are related. Plaintiff also fails to allege that he is being excluded from the prison's religious services because of his alleged disability. Plaintiff thus fails to state a cognizable claim under the ADA.

### 6. *False Advertising*

Plaintiff makes a claim regarding false advertising, citing to Cooper Indus. v. Leatherman Tool Group, 532 U.S. 424 (2001). That case concerned a punitive damages award. Id. at 426. That case has no bearing on Plaintiff's claim.

## II. Conclusion

Plaintiff's complaint fails to state a claim upon which relief may be granted under federal law. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th

Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint;
5. If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order; and
6. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **April 23, 2009**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE