# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KEN CLARK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00061-DLB PC<br><br>ORDER DENYING MOTION FOR "RULING", FOR COURT ORDER, AND FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 9) |

　　　Plaintiff Eric Wilton Burton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 12, 2009. On April 24, 2009, the Court dismissed Plaintiff's complaint with leave to amend. (Doc. 6.) Plaintiff filed a First Amended Complaint on May 1, 2009. On July 31, 2009, Plaintiff filed a motion for a "ruling" on his lawsuit, an order commanding defendants to file an answer to his complaint, and for appointment of counsel. (Doc. 9.)

　　　As explained in the First Informational Order issued January 15, 2009, the Court is required to screen complaints filed by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. §1915A(a). As was further explained, the Court will direct the United States Marshal to serve Plaintiff's complaint only after the court has screened the complaint and determines that it states cognizable claims.

　　　The Court will screen Plaintiff's First Amended Complaint in due course. Until the Court screens the complaint and orders service, defendants are not required to file an answer. Therefore,

1

Plaintiff's request for a "ruling", and for an order commanding defendants to file a response is DENIED.

With respect to Plaintiff's request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 7, 2009**               /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE