# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON, | Case No. 1:09-cv-00061-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | (Doc. 7) |
| KEN CLARK, et al., | |
| Defendants. | |

## I. Screening Order

Plaintiff Eric Wilton Burton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Plaintiff filed his original complaint on January 12, 2009. On April 24, 2009, the Court filed an order dismissing Plaintiff's complaint with leave to amend for failure to state any claims upon which relief may be granted. On May 1, 2009, Plaintiff filed his first amended complaint. (Doc. 7.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.     Summary of First Amended Complaint

Plaintiff is a state prisoner currently incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action allegedly occurred. Plaintiff names as defendants C/O Huerta, Warden Ken Clark, S. Sherman, and K. Allison. Plaintiff also makes allegations against Rabbi Jared Sharon in the body of his complaint, but does not name him as a defendant.

Plaintiff alleges that he is an African American Jewish convert. Plaintiff alleges that on or around October 10, 2008, he was taken off the previously approved kosher diet meal plan and placed on the religious vegetarian meal plan. Plaintiff alleges that Rabbi Jared Sharon injuriously discriminated against Plaintiff by finding that Plaintiff was not Jewish. Plaintiff alleges that all other defendants participated in the grievance process and thus are liable. Plaintiff also alleges that defendant Ken Clark created a discriminatory policy against nontraditional African American inmates like Plaintiff, thus impeding Plaintiff's religious practice. Plaintiff alleges causes of action under the Free Exercise Clause and Establishment Clause of the First Amendment, retaliation, RLUIPA, the Eighth Amendment, and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

Plaintiff seeks as relief reinstatement of the kosher diet plan, and compensatory and

punitive damages.

### 1. Free Exercise Clause

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987)); see Bell v. Wolfish, 441 U.S. 520, 545 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)); Callahan v. Woods, 658 F. 2d 679, 683 (9th Cir. 1981)).

Plaintiff alleges that he was deprived of his kosher diet despite being a sincere practitioner of the Jewish faith. Plaintiff alleges that defendant Ken Clark implemented the policy. Plaintiff states a cognizable claim for violation of the Free Exercise Clause of the First Amendment against defendant Ken Clark.

Plaintiff fails to state a claim against defendants Huerta, S. Sherman, and K. Allison. Plaintiff appears to allege that these defendants violated his constitutional rights by ruling against him in the inmate grievance process. This is not sufficient to state a cognizable claim. Plaintiff fails to link these defendants to an act or omission that constitutes a violation of federal law. See Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."). "A person subjects another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). After the fact knowledge acquired in the inmate grievance process is not sufficient to state a claim of liability for the prior conduct. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding there is no

liberty interest entitling inmates to specific grievance process).  Plaintiff thus does not state a claim against defendants Huerta, Sherman, and K. Allison for merely responding to Plaintiff's inmate grievance.

### 2. Establishment Clause

The First Amendment of the United States Constitution proscribes, in part, any law "respecting an establishment of religion."  In its evaluation of the contours of the Establishment Clause, the Supreme Court has repeatedly determined that prison inmates retain the protections afforded them by the First Amendment. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987), superseded on other grounds by statute, Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, *et seq*.  "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred  over another." Larson v. Valente, 456 U.S. 228, 244 (1982). When the state action facially shows a preference for one religion over others, it must be analyzed under strict scrutiny. Id.; see also Hernandez v. Commissioner, 490 U.S. 680, 695 (1989).

Plaintiff fails to allege a violation of the Establishment Clause.  Plaintiff alleges that he is not allowed to receive kosher diet meals because he was not found to be Jewish by the Jewish Chaplain.  There does not appear to be any favoritism shown by the prison of one religion over another.  Plaintiff's allegations are better encompassed by the Free Exercise Clause as opposed to the Establishment Clause.  Plaintiff thus fails to state a violation of Establishment Clause.

### 3. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-

68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Plaintiff fails to allege a cognizable retaliation claim against any Defendants. Plaintiff has not sufficiently alleged an adverse action by Defendants against Plaintiff because of Plaintiff's protected conduct.

**4.    RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>     (1) is in furtherance of a compelling government interest; and
>     (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under Turner." Shakur, 514 F.3d at 888 (citing Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005)). The Supreme Court has noted "RLUIPA . . . protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005).

RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004). See also Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 760 (7th Cir. 2003) (noting that "[t]his definition reveals Congress's intent to expand the concept of religious exercise contemplated both in decisions discussing the precursory RFRA [. . . .] and in traditional First Amendment jurisprudence."), cert. denied, 541 U.S. 1096 (2004).

Plaintiff states a cognizable claim under RLUIPA against defendant Ken Clark.

**5.    Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

5

1  conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v.
2  Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh,
3  prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and
4  personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.
5  Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from
6  unsafe conditions of confinement, prison officials may be held liable only if they acted with
7  "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124,
8  1128 (9th Cir. 1998).

9      Here, Plaintiff is alleging only that he is being provided with inadequate food to his
10 religious beliefs. This is not sufficient to state a cognizable claim. The Eighth Amendment
11 requires only that prisoners receive food adequate to maintain health, not that it be aesthetically
12 pleasing. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

13     **6.    Due Process Clause**

14     Plaintiff alleges a violation of the Due Process Clause, which contains both a procedural
15 and substantive prong. The Due Process Clause of the Fourteenth Amendment protects prisoners
16 from being deprived of life, liberty, or property without due process of law. Wolff v.
17 McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a
18 claim that he was deprived of a protected interest without procedural due process.

19     "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required
20 to prove that a challenged government action was clearly arbitrary and unreasonable, having no
21 substantial relation to the public health, safety, morals, or general welfare. Where a particular
22 amendment provides an explicit textual source of constitutional protection against a particular
23 sort of government behavior, that Amendment, not the more generalized notion of substantive
24 due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d
25 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117
26 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff's
27 allegations are more properly analyzed under the First Amendment. Plaintiff thus fails to state a
28 claim for violation of substantive due process.

6

      **7.**     **Equal Protection Clause**

"The Equal Protection Clause of the Fourteenth Amendment provides that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyer v. Doe, 457 U.S. 202, 216 (1982)).

Prison officials must treat all religions equally, and not favor one religion over another. Employment Div. v. Smith, 494 U.S. 872, 918 (1990). A prisoner must have a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 322 (1972)). Prisons need not provide identical accommodations to different faiths, see Cruz, 405 U.S. at 322 n.2, but must make "good faith accommodation of the [prisoners'] rights in light of practical considerations." Allen v. Toombs, 827 F.3d 563, 569 (9th Cir. 1987) (citing Gittlemacker v. Prasse, 428 F.3d 1, 4 (3rd Cir. 1970)). To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), abrogated on other grounds as stated in Shakur, 514 F.3d at 884-85.

Plaintiff fails to state a cognizable Equal Protection claim. Plaintiff has not sufficiently alleged that Defendants intentionally discriminated against Plaintiff on the basis of Plaintiff's religion.

Plaintiff also alleges that Defendants are discriminating against "nontraditional African American Plaintiffs." (Pl.'s Am. Compl.) Plaintiff does not sufficiently allege any discrimination on the basis of race by Defendants.

**III.**     **Conclusion**

Accordingly, the Court HEREBY ORDERS that:

1)     This action proceed against defendant Ken Clark for violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000;

7

2) Plaintiff's Establishment Clause, Due Process Clause, Eighth Amendment, retaliation, and Equal Protection claims are dismissed for failure to state a claim upon which relief may be granted; and

3) Defendants Huerta, S. Sherman, and K. Allison are dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **October 7, 2009**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE