# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-CV-00061-DLB PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY  (DOCS. 27, 29)<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DOC. 24) |

**Order**

**I.    Background**

Plaintiff Eric Wilton Burton ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 1, 2009, Plaintiff filed his first amended complaint ("FAC") against Defendant Ken Clark for violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000.  Doc. 7, FAC.; Doc. 11, Order Dismissing Certain Claims and Defs.

Pending before the Court is Defendant Ken Clark's motion to dismiss for Plaintiff's failure to exhaust administrative remedies, filed April 8, 2010, Doc. 24, and Defendant's motion to strike Plaintiff's surreply.  Plaintiff filed his opposition to Defendant's motion to dismiss on April 19, 2010, [1] Doc. 25, and his objections to Defendant's motion to strike on May 24, 2010,

---

[1] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion in the Court's second informational order, issued November 2, 2009.  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

1

Doc. 30.  Defendant Clark filed his reply to Plaintiff's opposition on April 26, 2010.  Doc. 26.  The matter is submitted pursuant to Local Rule 230(l).

## II. Motion To Strike Surreply

On May 7, 2010, Plaintiff filed a motion entitled "cross-motion for summary judgment."  Doc. 27.  The Court construes this motion as a surreply as it actually addresses Defendant's reply to Plaintiff's opposition.  On May 13, 2010, Defendant filed a motion to strike the surreply.  Doc. 29.  Plaintiff filed objections to Defendant's motion on May 24, 2010.  Doc. 30.

The Local Rules of this Court and the Federal Rules of Civil Procedure do not generally permit the filing of a surreply.  *See* L.R. 230(l).  The Court did not request a surreply from Plaintiff.  Accordingly, Defendant's motion to strike, filed May 13, 2010, is granted.  Plaintiff's motion for cross summary judgment, construed as a surreply, is stricken.

## III. Summary Of First Amended Complaint

Plaintiff alleges that he is an African American Jewish convert. Plaintiff alleges that on or around October 10, 2008, he was taken off the previously approved kosher diet meal plan and placed on the religious vegetarian meal plan. Plaintiff alleges that Defendant Ken Clark created a discriminatory policy against non-traditional African American inmates like Plaintiff, thus impeding Plaintiff's religious practice.

## IV. Failure To Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.     Analysis**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant Clark contends that Plaintiff submitted only two inmate grievances concerning a religious diet, SATF-C-08-5154 and SATF-C-08-5421. Def.'s Mem. P. & A. Mot. Dismiss

3

6:12-16. Of these two grievances, Defendant contends that SATF-C-08-5154 was not properly exhausted, and SATF-C-08-5421 is unrelated to the claims in this action. *Id.* 6:21-7:11. Defendant relies upon declarations from Chief of Inmate Appeals D. Foston and appeals coordinator R. Gomez. Def.'s Mot. Dismiss, D. Foston Decl.; R. Gomez Decl.

Grievance No. SATF-C-08-5154 concerned the removal of Plaintiff from the religious kosher diet. Def.'s Mot. Dismiss, R. Gomez Decl., Ex. B. Plaintiff filed the appeal on October 6, 2008, complaining of the denial of the kosher diet and denial of access to Jewish publications. On November 10, 2008, chaplain J. Sharon responded to the grievance by granting Plaintiff access to Jewish publications, but denying as to the kosher diet. Plaintiff grieved this to the second level of review. Plaintiff's grievance was denied at the second level on January 9, 2009. There is no record that Plaintiff grieved this further.

Defendants contend that Grievance No. SATF-C-08-5421 concerned Plaintiff's request to have a fish option instead of beans for his religious vegetarian diet. This grievance was granted in part at the informal level of review. Plaintiff's grievance describes the following problem:

> Jewish on religious vegetarian diet was sent pork and not religious [indecipherable] diet today. I am religiously forbidden to eat pork. Again for dinner I was given the wrong tray for McCarthy -T92224 C1-113; my food has to be blessed by a Jewish rabbi. I was hoping to get fish today for dinner. The floor officers are too busy to address this single problem. It's the kitchens ultimate responsibility.

Def.'s Mot. Dismiss, R. Gomez Decl., Ex. C. Plaintiff requested the following action: "Fix the problem. Please put a big sticker on my tray "Religious Diet" with my name on it. I've been getting beans 6 days straight for dinner. Seal it!" *Id.*

The Court agrees with Defendant that Plaintiff failed to exhaust administrative remedies as to SATF-C-08-5154. However, Grievance No. SATF-C-08-5421 concerned more issues than Defendant contends. Plaintiff not only requested a fish option for his meal, but he also requested that his food be blessed by a Jewish rabbi. Though the grievance was granted only as to the fish option for his vegetarian diet, Plaintiff had put prison officials on notice of his request for his food to be blessed by a rabbi, which is directly related to the underlying claim in this action. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120, (9th Cir. 2009) ("[W]hen a prison's grievance procedures

4

1 are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the
2 nature of the wrong for which redress is sought.'") (quoting *Strong v. David*, 297 F.3d 646, 650
3 (7th Cir. 2002)).

4       Based on prison officials' informal response to Plaintiff's claim, they were aware of
5 Plaintiff's issues regarding his religious diet.  The informal response included, "Just to make
6 clear to you that you are not on the Jewish Kosher program anymore. . . . The Rabbi does not
7 bless the vegetarian tray."  Def.'s Mot. Dismiss, R. Gomez Decl., Ex. C.  The informal response
8 indicated that Plaintiff's grievance was only partially granted.  Thus, prison officials were aware
9 of Plaintiff's entire grievance regarding this matter.  Prison officials then granted his appeal at the
10 first level of review, and did not discuss his request for a rabbi to bless the food.

11       It is unclear whether Plaintiff submitted grievance No. SATF-C-08-5421 for second level
12 review.[2]  However, that is immaterial, as Defendant concedes that grievance No. SATF-C-08-
13 5421 was granted and thus exhausted.  Once a prisoner has been reliably informed by an
14 administrator that no further remedies are available, a prisoner is not required to exhaust further
15 levels of review.  *Brown*, 422 F.3d at 935.  A granted grievance would not appear to provide
16 Plaintiff any further relief if appealed to the next level of review.  *See* Cal. Code Regs. tit. 15, §
17 3084.5(c) (describing second level review as "for review of appeals *denied* at first level or for
18 which first level is otherwise waived by these regulations") (emphasis added).  Because
19 grievance No. SATF-C-08-5421 was apparently treated as granted at the first level of review,
20 second level review would seem to not provide any further relief.

21       Defendant has not met his burden regarding exhaustion of administrative remedies in this
22 matter.  Plaintiff sufficiently put prison officials on notice of his problems regarding his food not
23 being blessed by a rabbi pursuant to his religious beliefs.  Defendant has not shown that further
24 administrative remedy was available to Plaintiff regarding grievance No. SATF-C-08-5421.

---

26     [2] Plaintiff in opposition referred to the exhibits attached to his FAC, which includes grievance No. SATF-
27 C-08-5421.  Doc. 7, Pl.'s Am. Compl.  On November 28, 2008, Plaintiff appears to have appealed this issue to the second level of review, where it was apparently check-marked granted on November 28, 2008.  Plaintiff then
28 appealed to the Director's level on December 3, 2008.  The Director's level then returned Plaintiff's appeal, finding that Plaintiff had not appealed to the second level of review.

Thus, Defendant's motion is denied.

**V.      Conclusion And Order**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to strike Plaintiff's surreply, filed May 13, 2010, is GRANTED;

2. Plaintiff's motion, filed May 7, 2010, and construed as a surreply, is STRICKEN;

3. Defendant's motion to dismiss, filed April 8, 2010, is DENIED; and

4. Defendant Clark is to file an answer to Plaintiff's first amended complaint within twenty (20) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **February 22, 2011**                    **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

6