# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WILTON BURTON,<br><br>   Plaintiff,<br><br>   v.<br><br>KEN CLARK, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:09-CV-00061-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS<br><br>(DOCS. 44, 45, 46) |

Plaintiff Eric Wilton Burton ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint against Defendant Ken Clark for violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000. Pending before the Court are: 1) Plaintiff's motion to excuse Plaintiff's appearance at a scheduled deposition, filed September 26, 2011; 2) Plaintiff's motion for discovery on Defendant Clark, filed September 26, 2011; and 3) Plaintiff's motion to compel the attendance and examination of a favorable witness, filed September 26, 2011. Defendants filed an opposition on October 7, 2011. No reply was timely filed. The matter is submitted pursuant to Local Rule 230(l).

## I.   Motion To Excuse Appearance At Deposition

Plaintiff moves the Court for an order excusing Plaintiff from appearing at a deposition. Pl.'s Mot. 2-4, Doc. 44.  Defendant's counsel had provided notice to Plaintiff of a scheduled

1  deposition on October 14, 2011.  Plaintiff contends that he would incriminate himself during the
2  deposition.  *Id.*  Plaintiff also contends that he would be subject to undue burden, annoyance, and
3  oppression.  *Id.*  Plaintiff requests appointment of counsel for purposes of his deposition.  *Id.*
4  Defendant contends that Plaintiff provides no factual explanation for his speculative and
5  conclusory statements.  Def.'s Opp'n 2:6-3:23, Doc. 48.

6        The Court agrees with Defendant.  Plaintiff provides no explanation as to why a
7  deposition is unduly burdensome on Plaintiff.  Defendant complied with the Court's discovery
8  and scheduling order, which required the deposing party to give notice of at least 14 days prior to
9  conducting a deposition.  Discovery and Scheduling Order ¶ 4, Doc. 37.  Plaintiff provides no
10 explanation as to how this deposition will be used against Plaintiff in a criminal proceeding.  The
11 Court has denied Plaintiff's previous motions for appointment of counsel on the grounds that
12 Plaintiff can adequately represent himself in this action and that there are not exceptional
13 circumstances to merit appointment.  Plaintiff has not presented exceptional circumstances here.
14 Accordingly, Plaintiff's motion to excuse his appearance at a deposition, filed September 26,
15 2011, is DENIED.

16 **II.     Motion For Discovery**

17       Plaintiff requests that Defendant's counsel produce all of his discovery prior to the
18 deposition.  Pl.'s Mot. 1-2, Doc. 45.  Plaintiff cites to no legal argument in support. Defendant
19 contends that there is no legal basis for Plaintiff's motion.  Def.'s Opp'n 3:25-4:3.  The Court
20 agrees with Defendant.  Plaintiff is not required to receive any of Defendant's discovery
21 materials at this stage in the proceeding.  Accordingly, Plaintiff's motion for Defendant's
22 discovery, filed September 26, 2011, is DENIED.

23 **III.    Motion To Compel Attendance of Material Witness**

24       Plaintiff moves for an order compelling the appearance of rabbi Hilda Abrevaya at
25 Plaintiff's deposition on October 14, 2011.  Pl.'s Mot. 2-3, Doc. 46.  Plaintiff contends that
26 Rabbi Abrevaya will support Plaintiff's claims in his action.  *Id.*  Defendant contends that there is
27 no statutory authority for Plaintiff's motion.  Def.'s Opp'n 4:6-9.  Defendant contends that if
28 Plaintiff wishes to depose the rabbi, he should subpoena her and pay for the expenses of the

1 deposition. *Id.*

2     The Court agrees with Defendant. There is no statutory authority for Plaintiff's motion.
3 The expenditure of public funds on behalf of an indigent litigant is proper only when authorized
4 by Congress. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam). If Plaintiff
5 wishes to depose rabbi Abrevaya, he must subpoena her and bear the costs. Fed. R. Civ. P. 30,
6 45. Accordingly, Plaintiff's motion to compel the attendance of a material witness, filed
7 September 26, 2011, is DENIED.

8     IT IS SO ORDERED.

9     **Dated:   November 2, 2011**　　　　　　　　　　　　**/s/ Dennis L. Beck**
                                                                         UNITED STATES MAGISTRATE JUDGE